UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

UNITED STATES OF AMERICA,

        Plaintiff,

- against -   Civil No. _____

$150,000.00 in U.S. Currency,

        Defendant.

------------------------------X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency involved in violations of the Controlled Substances Act, making the currency subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS IN REM

2. The defendant is $150,000.00 in U.S. Currency.

3. The defendant property was seized from Albert Blandshaw and Shawn Quinton Jenkins, Jr. on October 16, 2012 on northbound I-95 in Cecil County, Maryland.

### JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881(a)(6).

5.. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The defendant currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because is was money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation.

## FACTS

8. The facts supporting the forfeiture of the defendant currency are set forth in the Declaration of Task Force Officer Brian T. Shutt, which is appended to this Complaint and incorporated herein.

WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants with interests in the defendant property be cited to appear herein and answer the complaint; that the defendant property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshal dispose of the defendant property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: January 29, 2013

                                Respectfully submitted,

                                Rod J. Rosenstein
                                UNITED STATES ATTORNEY
                                District of Maryland

By: _____
                                Stefan D. Cassella
                                Assistant U.S. Attorney
                                36 South Charles Street
                                Fourth Floor
                                Baltimore, MD 21201
                                410 209-4986

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $150,000.00 in United States Currency.

I, Brian T. Shutt, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $150,000.00 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On October 16, 2012, the a maroon Toyota sedan, bearing District of Columbia registration plates EB8879, was traveling northbound on I-95. The occupants of the vehicle were Albert BLANDSHAW (driver) and JENKINS (front seat passenger).

b. At approximately 4:00 p.m., the Maryland State Police observed the maroon Toyota and stopped the vehicle for a traffic violation. The traffic stop was conducted in the area of north bound Interstate 95 and mile marker 100, Cecil County, Maryland.

c. Upon approaching the vehicle, troopers observed a large amount of U.S. Currency lying in plain view on the rear seat of the vehicle.

d. A drug detecting canine was used to conduct a narcotics scan on the vehicle, resulting in a positive alert.

e. A search of the vehicle was conducted. During the search a large amount of U.S. Currency was found in the trunk of the vehicle.

f.  All of the U.S. Currency was found in separate rubber-banded bundles, which is consistent with the traits and habits used by drug smugglers to maintain their money.

g.  Initially, when asked by the troopers, both BLANDSHAW and JENKINS denied knowledge of the U.S. Currency. Later JENKINS advised the troopers that the U.S. Currency found in the vehicle was gambling winnings.

h.  The troopers advised JENKINS of the procedures to follow to make a claim for the U.S. Currency that was seized. Both subjects were subsequently released from the MSP JFK Highway Barrack.

i.  A criminal history on BLANDSHAW reveals he has felony drug arrests and convictions in the state of New York.

j.  A criminal history on JENKINS reveals drug arrest and conviction in Washington D.C.

k.  On January 2, 2013, a check for wages and employment was conducted for BLANDSHAW; no wages in any of the fifty states could be found.

l.  On January 2, 2012, a check for wages and employment was conducted for JENKINS; no wages in any of the fifty states could be found.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $150,000.00 U.S. CURRENCY FROM ALBERT BLANDSHAW AND SHAWN JENKINS ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Brian T. Shutt
Task Force Officer
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

1/29/13
Date

_____
Stefan D. Cassella
Assistant United States Attorney